IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LORI SPILLERS and                                                                                    PLAINTIFFS
AL SPILLERS

VS.                                              CASE NO. 4:07-CV-4077

WARREN TRANSPORT, INC.
and ISAAC ARON ALLGOOD, JR.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss for Lack of Jurisdiction, filed on behalf of Defendants Warren Transport, Inc. and Isaac Aron Allgood, Jr (collectively "Defendants"). (Doc. 6). Plaintiffs have responded in opposition to the motion, (Doc. 12) and alternatively request a transfer under 28 U.S.C. § 1406(a). Defendants have replied to Plaintiffs' response. (Doc. 14). The matter is ripe for consideration.

### I. BACKGROUND

This case arises out of a November 2, 2005, collision near McKenzie, Alabama. Injured in the collision were Plaintiffs Al and Lori Spillers, residents of the State of Arkansas. The other vehicle involved in the collision was a tractor trailer driven by Isaac Aron Allgood, Jr. Allgood is a resident of Jonesville, North Carolina. At the time of the accident, Allgood was an employee of and driving for Warren Transport, Inc., ("Warren") a specialized machinery and equipment transportation company. Warren is an Iowa corporation with its primary place of business in Waterloo, Iowa.

Plaintiffs allege that they sustained injuries due to the negligent vehicle operation of Allgood, and impute his negligence to his employer, Warren. Specifically, Plaintiffs allege that their truck, while stopped at a highway intersection, was struck from behind by the tractor trailer operated by

Allgood. Plaintiffs filed their complaint against Defendants on August 16, 2007, and the matter is now before the Court on Defendants' Motion to Dismiss, which argues that the Court lacks personal jurisdiction.

## II. LEGAL STANDARD

The issue before the Court is whether the exercise of personal jurisdiction over Defendants comports with due process. In a diversity action, the Court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of Arkansas and by the Due Process Clause of the Fourteenth Amendment. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)(citing *Morris v. Barkbuster*, *Inc.*, 923 F.2d 1277 (8th Cir. 1991)). The long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent; thus, the Court's inquiry is limited to whether the exercise of personal jurisdiction comports with due process. Ark. Code Ann. § 16-4-101(B) (Repl. 1999)*; Dever*, 380 F.3d at 1073. "Due process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Dever*, 380 F.3d at 1073.

There are two theories for evaluating minimum contacts: general jurisdiction and specific jurisdiction. *Id*. Under the general jurisdiction theory, the Court may hear this lawsuit against Defendants if it has "continuous and systematic" contacts with Arkansas, even if the injuries at issue in this lawsuit did not arise out of Defendants' activities directed at Arkansas. *See id*. In contrast, specific jurisdiction is viable when the cause of action at issue arose out of or is related to a Defendant's activities within a state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct.

2174, 85 L.Ed.2d 528 (1985).  Both theories of personal jurisdiction require some act by which Defendants purposely availed themselves of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws. *See Dever*, 380 F.3d at 1073 (citing *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).

If the Court determines that Defendants have minimum contacts with Arkansas, it then considers "whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *See id.* (quoting *Burger King Corp.*, 471 U.S. at 472).  That is, a defendant must "reasonably anticipate being haled into court" in the remote forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  The Eighth Circuit has instructed courts to consider the following factors when resolving a personal jurisdiction inquiry, with significant weight given to the first three factors: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073–74.

### III. DISCUSSION

A. *Defendants' Contacts with the State of Arkansas*

In the Motion to Dismiss, Defendants assert that Defendant Isaac Aron Allgood, Jr. has no contacts, whatsoever, with Arkansas.  Defendant Allgood resides and is domiciled in Jonesville, North Carolina, and he has never lived in Arkansas.  In their response, Plaintiffs do not challenge these assertions, apparently conceding the same; thus the Court will focus its analysis on Warren's contacts with the State of Arkansas.  Review of the briefs filed in connection with the Motion to Dismiss reveals that Warren, an Iowa Corporation, does not have an office in Arkansas.  Warren

does not own property in Arkansas, nor does it have an employee in Arkansas. Warren does not have a bank account, mailing address or phone number in Arkansas. Warren does not advertise in Arkansas specifically, although it does advertise in "national trucking digests that may be sold in Arkansas." (Doc. 7, pg. 2). Warren is registered to do business in each of the 48 contiguous states, including Arkansas, and "[o]n specific occasions ... may pick up or deliver freight in Arkansas." (Doc. 7, pg. 1).

B. *Specific Jurisdiction*

As noted previously, specific jurisdiction is viable when the cause of action at issue arose out of or is related to a defendant's activities within a state. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472. In the Motion to Dismiss, Defendants allege that no basis exists for specific jurisdiction, as the accident in question occurred in Alabama, rather than in the forum state. The Court agrees, and also notes that Plaintiffs did not address specific jurisdiction in their brief, apparently conceding the point.

C. *General Jurisdiction*

In contrast to specific jurisdiction, the United States Supreme Court has held that to maintain general jurisdiction over a foreign defendant, the facts must establish "substantial" or "continuous and systematic general business contacts" with the forum state, irrespective of whether those contacts are related to the particular cause of action before the Court. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Such affiliations are construed in light of the Due Process Clause which permits the Court to exercise jurisdiction only if doing so would not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). While lack of

physical presence in a state cannot alone defeat jurisdiction, "random," "fortuitous," or "attenuated" contacts do not count in the minimum contacts calculus. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475. If a party is amenable to general jurisdiction, then it can be said that it has such numerous contacts with the forum that it may be haled into court in that forum even for a suit not arising out of its forum contacts. *See Helicopteros*, 466 U.S. at 416.

As noted previously, Defendant Allgood is wholly without contacts to the State of Arkansas. Defendant Warren, an Iowa corporation, does not have an office in Arkansas, does not own property in Arkansas, and does not have a single employee in Arkansas. Warren does not have a bank account, mailing address or phone number in Arkansas. Warren does not advertise in Arkansas specifically, although it does advertise in "national trucking digests that may be sold in Arkansas." (Doc. 7, pg. 2). Warren is registered to do business in each of the 48 contiguous states, including Arkansas, and "[o]n specific occasions ... may pick up or deliver freight in Arkansas." (Doc. 7, pg. 1). In response to the Motion to Dismiss, Plaintiffs seize upon this language of Defendants' brief, arguing that the fact that Warren occasionally picks up and delivers freight in Arkansas renders Warren subject to personal jurisdiction for an Alabama vehicle accident here. The Court disagrees.

In *Burlington Industries, Inc. v. Maples Industries, Inc.*, the Eighth Circuit held that "[s]imple commercial contacts, unrelated to Plaintiff's trade secret claims, are insufficient to establish personal jurisdiction." 97 F.3d 1100, 1103 (8th Cir. 1996). Warren's contacts with Arkansas amount to little more than simple commercial contacts, and are wholly unrelated to Plaintiff's negligence claims in this case. As previously noted, Eighth Circuit precedent instructs this Court to consider the following factors when resolving a personal jurisdiction inquiry, with significant weight given to the first three factors: (1) the nature and quality of a defendant's contacts with the forum state; (2) the

quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Dever*, 380 F.3d at 1073–74.  Giving the first three factors–all related to a defendant's contacts with the forum state–their proper weight, the Court is satisfied that Warren is not subject to general jurisdiction in the State of Arkansas.  Instead, Warren's slight contacts with Arkansas, which consist of advertisements in national trucking digests and occasionally picking up and delivering freight in Arkansas, amount to the kind of "random," "fortuitous," or "attenuated" contacts insufficient to support general jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 475.  As a result, Defendants' Motion to Dismiss for Lack of Jurisdiction should be granted.

      D. *Plaintiffs' Alternative Request for Transfer*

In their response to the Motion to Dismiss, Plaintiffs request, as an alternative to dismissal, that the Court transfer this matter to United States District Court in North Carolina pursuant to 28 U.S.C. § 1406(a).  As previously noted, Defendant Allgood, the Warren driver involved in the collision at issue, is domiciled in Jonesville, North Carolina. In their Reply brief, Defendants counter with the argument that this matter should be transferred, if at all, to Alabama, where the accident occurred and where witnesses and the investigating officer are located.  (Doc. 14, pg. 3).

The controlling law with regard to transfers, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Importantly, a lack of personal jurisdiction over a defendant "does not preclude a transferor court from effecting a transfer under 28 U.S.C. § 1404(a) or § 1406(a)." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962)(holding

that § 1406(a) is broad enough to authorize the transfer of a case "whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Follete v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1238 (8th Cir. 1994)(correct course of action for a district court lacking personal jurisdiction is to dismiss or to transfer to another jurisdiction pursuant to 28 U.S.C. §§ 1404(a) or 1406(a); *Naegler v. Nissan Motor Co., Ltd.*, 835 F.Supp. 1152, 1156 (W.D. Mo. 1993)(fact that court may lack personal jurisdiction over defendants does not deprive it of the power to order a § 1404(a) transfer). The key question, then, is whether a transfer of this matter to the district court of another state is in the interest of justice. *Turner v. McClain*, 459 F.Supp. 898, 900-01 (E.D. Ark. 1978). Upon consideration, the briefs and the record fail to satisfy the Court that this matter should be transferred to the district court of another state under § 1406(a), and Plaintiffs' alternative request for transfer should be denied.

## IV. CONCLUSION

For reasons stated herein and above, the Motion to Dismiss for Lack of Jurisdiction, filed on behalf of Defendants Warren Transport, Inc. and Isaac Aron Allgood, Jr., should be and hereby is **GRANTED**. Plaintiffs claims are hereby **DISMISSED**.

**IT IS SO ORDERED**, this 24th day of September, 2008.

       /s/ Harry F. Barnes
      Hon. Harry F. Barnes
      United States District Judge