IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


LORI SPILLERS and
AL SPILLERS                                                                                          PLAINTIFFS


VS.                                              CASE NO. 07-CV-4077


WARREN TRANSPORT, INC.
and ISAAC ARON ALLGOOD, JR.                                                   DEFENDANTS


**<u>ORDER</u>**

Before the Court is a Motion for Reconsideration filed on behalf of the Plaintiffs Lori Spillers and Al Spillers.  (Doc. No. 27).  Defendants have responded to the motion.  (Doc. No. 29).  Plaintiffs have filed a reply to Defendants' response.  (Doc. No. 32).  The matter is ripe for consideration.

On November 2, 2005, the Plaintiffs and the Defendants were involved in a motor vehicle accident near McKenzie, Alabama.  On August 16, 2007, the Plaintiff, being Arkansas residents, filed suit against the Defendants in this Court.  On October 25, 2007, Defendants filed a Motion to Dismiss on the grounds that the Court lacked personal jurisdiction over them.  In their response to the Motion to Dismiss, Plaintiff argued, in the alternative, that the matter should be transferred to North Carolina, the residence of Defendant Isaac Aron Allgood, Jr.  On December 7, 2007, the Defendants filed a reply to Plaintiffs' response arguing that if the case is transferred it should not be transferred to North Carolina but rather to Alabama, where the accident occurred. On September 24, 2008, the Court issued a Memorandum Opinion and Order dismissing the case for lack of personal jurisdiction over the Defendants.  The Court also denied Plaintiffs'

alternative request to transfer venue to North Carolina. The matter is now before the Court on Plaintiffs' Motion for Reconsideration. In this motion, the Plaintiffs request that the Court reconsider its denial of their request to transfer this matter to the United States District Court in North Carolina. In the alternative, they request a transfer of this matter to the Alabama District Court.

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court, in its discretion, to relieve a party from a final judgment or order for various enumerated reasons. The provisions of Rule 60(b) are grounded in equity and exist to prevent the judgment from being a vehicle of injustice. *Harley v. Zoesch,* 413 F.3d 866, 870 (8th Cir. 2005). "The rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Id.* (quoting 11 Wright, Miller & Kane, *Federal Practice and Procedure* § 2851, at 227 (2d ed. 1995)). It is well established that the rule authorizes relief only in the most exceptional circumstances. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 866 (8th Cir. 2007).

Plaintiffs seek relief under Rule 60(b)(6), the rule's catch-all provision.[1] Relief under this provision is available where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented him from receiving adequate redress. *Murphy v. Mo. Dep't. of Corr.,* 506 F.3d 1111, 1117 (8th Cir. 2007); *see also Atkinson v. Prudential Prop. Co.,* F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted) ("Relief is available under Rule 60(b)(6) only when exceptional circumstances prevented the moving party

---

[1] Rule 60(b)(6) grants relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

from seeking redress through the usual channels.").

Plaintiffs argue that exceptional circumstances exist in this matter thus permitting the Court to grant relief under Rule 60(b)(6). In support of this argument, Plaintiffs state that the applicable statutes of limitations may have expired on their cause of action while their case was pending in Arkansas. If the matter is not transferred to either North Carolina or Alabama, they may have no recourse to pursue their claims in this matter.

Based upon the foregoing principles, the Court concludes that there exist exceptional circumstances in this case that have denied the Plaintiffs the opportunity to litigate their claims and prevented adequate redress of those claims. Therefore, the Court finds that the Plaintiffs are entitled to relief under Rule 60(b)(6). Plaintiff's Motion for Reconsideration of Transfer of Venue is hereby **granted**.

In reconsidering the Plaintiffs' request to transfer venue, the Court looks to those districts where the case could have been brought. 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1391, venue is proper in the judicial district where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. 1391(a)(2). In this case, Plaintiffs' claims arose out of a motor vehicle accident near McKenize, Alabama. Thus, the case could have been brought in the Middle District of Alabama under section 1391(a)(2). This is where the motor vehicle accident occurred and where witnesses and the investigating officer are located and able to testify. Therefore, upon reconsideration, the Court finds that in the interest of justice this matter should be transferred to the Middle District of Alabama.

Accordingly, the Plaintiffs' request to transfer venue to North Carolina is hereby **denied**. Plaintiff's alternative request to transfer venue to Alabama is hereby **granted.** The Clerk of the

3

Court is hereby directed to take all necessary steps to have this matter transferred to the Northern Division of the United States District Court for the Middle District of Alabama.

      IT IS SO ORDERED, this 23rd day of April, 2009.


                                              /s/Harry F. Barnes
                                              Hon. Harry F. Barnes
                                              United States District Judge